NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-92
24-P-93

TOYSHA DARBY

vs.

CAMBRIDGE POLICE DEPARTMENT
(and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 13, 2023, the plaintiff filed two civil complaints in Superior Court, one against the Cambridge police department seeking emergency injunctive relief (docket no. 2384CV02321) and one against the United States Government, the Attorney General, and the Commonwealth of Massachusetts seeking damages for violations of civil rights (docket no. 2384CV02322). The same day, the court held an ex parte hearing, denying the plaintiff's requests for preliminary injunctions[2] and dismissing

_____

[1] Toysha Darby vs. United States Government & others.

[2] Each complaint sought some form of immediate relief, including that the plaintiff be relocated to a hotel, that a restraining order issue against certain law enforcement

the complaints.  The plaintiff moved for reconsideration, which the judge denied.  Final judgments entered, and the plaintiff appealed.

On appeal, the plaintiff contends that the judge erred in denying relief because she established all the required elements for the requested injunctions.[3]  We review the denial of a preliminary injunction for abuse of discretion.  See Commonwealth v. Fremont Inv. & Loan, 452 Mass. 733, 741 (2008).  To be entitled to a preliminary injunction, the moving party must show a likelihood of success on the merits, a substantial risk of irreparable harm in the absence of an injunction, and that the risk of irreparable harm, in light of the chances of success on appeal, outweighs the nonmoving parties' probable harm.  See Foster v. Commissioner of Correction, 488 Mass. 643, 650 (2021).  "Where a party seeks to enjoin government action, the judge also must determine that the requested order promotes the public interest, or, alternatively, that the equitable

_____

officers, and that funds allegedly belonging to the plaintiff be released to her.

[3] The plaintiff's request that her Superior Court motion for reconsideration be accepted as her appellate brief was allowed. That motion was addressed solely to the issue of the denial of the plaintiff's requests for preliminary injunctions.  We therefore do not address the propriety of the judge's sua sponte dismissals of the complaints.

relief will not adversely affect the public" (quotation and citation omitted). Garcia v. Department of Hous. & Community Dev., 480 Mass. 736, 747 (2018). "What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue." Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).

Here, one of the plaintiff's complaints alleged that the Cambridge police department "was told by Superior Authorities" to take her home or to a hotel, and that the police instead took her to a "very harmful environment." The complaint sought (1) an injunction requiring the Cambridge police department to take her from the allegedly harmful environment and move her back home or into a hotel and (2) a restraining order against four police officers involved in her wrongful transport. The other complaint alleged that the United States Senate had approved funds for the plaintiff to do work on behalf of the government; that Congress and the Department of Justice confirmed her move to Massachusetts, authorizing funds for her relocation; that upon her arrival at Boston Logan Airport, she was directed to the Massachusetts State police and thereafter put "in the hands

3

of abusers" instead of transported home or to a hotel.  In addition to damages, the complaint sought an injunction to "render [her] money."[4]

After a hearing on the motions for preliminary injunctions, the judge found that the plaintiff failed (1) to establish a likelihood of success on the merits of her claims, (2) to succinctly describe the acts sought to be restrained, and (3) to identify the specific parties who aggrieved her.  We agree with the judge that the plaintiff's allegations are too broad and nonspecific to allow for any preliminary injunctive relief.  After review of the entire record before us, we discern no abuse of discretion.

<u>Judgments affirmed</u>.

By the Court (Singh, Hand & D'Angelo, JJ.[5]),

Clerk

Entered: August 30, 2024.

---

[4] In a contemporaneously filed motion, the plaintiff specified that the Federal government owed her the money but that the funds are presumably held by the Commonwealth of Massachusetts.

[5] The panelists are listed in order of seniority.

4